## Commonwealth v. One 1988 Camaro

*John L. Sullivan,* for General Motors Acceptance Corporation.

*Johnna Deily, assistant district attorney,* for the Commonwealth.

BAYLEY, *J.,* April 11, 1990 — Paul Perry was arrested on November 2, 1988, for violations of The Controlled Substance, Drug, Device and Cosmetic Act.[1] At the time of his arrest his two 1988 Chevrolet Camaro automobiles were seized by the Commonwealth pursuant to the Controlled Substances Forfeitures Act.[2] Mr. Perry was convicted on his violations on April 28, 1989. He was sentenced to prison on September 5, 1989.

On January 18, 1990, the General Motors Acceptance Corporation filed a "petition by lienholder for recovery of delivery of property which is its collateral under a security agreement," pursuant to section 6208(k) of the Forfeitures Act.[3]

The vehicles involved are one 1988 Camaro, VIN no. 1G1FP21S9JL117084, purchased in Pennsylvania; and one 1988 Camaro, VIN no. 1G1FP21S4JL112116, purchased in Georgia. Both vehicles were purchased by Mr. Perry and financed through GMAC.

At the time of the seizure the encumbrance on the Pennsylvania Camaro was approximately $4,700, and the encumbrance on the Georgia Camaro was approximately $13,000. GMAC introduced evidence at a hearing on March 21, 1990, that the current market value of each car is approximately $6,000. The loans on both vehicles are in default and GMAC seeks an order directing the Commonwealth to deliver to it the cars.

---

1. 35 P.S. §780-101 et seq.
2. 42 Pa.C.S. §6801(a)(4).
3. This action was brought at 220 Civil 1990.

On February 7, 1990, the Cumberland County District Attorney's Office filed a "petition for forfeiture" pursuant to the Forfeitures Act.[4] The Commonwealth seeks an order that the Pennsylvania Camaro be forfeited "to the Commonwealth, who will pay off the existing loan and retain the proceeds" and that the Georgia Camaro be forfeited and "ordered returned to GMAC." The petition was served on Mr. Perry and he has not filed a response to the rule to show cause issued against him as to why both vehicles should not be forfeited. GMAC filed an answer to the Commonwealth's petition with new matter. It alleges that the Commonwealth denied it due process by its delay in these proceedings and that it should be compensated for the value of the vehicles as of the time they were seized. Additionally, it renewed the request made in its suit, that this court order the return of both vehicles to it for the purpose of selling them, with the proceeds of the sale applied to pay "(a) the principal debt and interest for the two accounts, (b) attorney's fees and court costs incurred by GMAC in this proceeding, (c) an amount equal to 15 percent of principal debt and interest due [on the Georgia Camaro pursuant to Georgia law]," and any remaining proceeds to be turned over to the Commonwealth as forfeited.

## DISCUSSION

The Forfeitures Act provides at section 6801(a)(4)(iii) that "no bona fide security retained or acquired [by finance companies, like GMAC] shall be subject to forfeiture or impairment." The Commercial Code[5] and the Retail Installment Sale Contract between GMAC and Paul Perry specifically provide remedies for default situations. See 13

---

4. This action was brought at 19 Miscellaneous 1990.
5. 13 Pa.C.S. §1101 et seq.

Pa.C.S. §9501. GMAC's allegation that the Commonwealth has impaired its due process rights because of an unreasonable delay in resolving the disposition of the vehicles is clearly specious. The fact that GMAC waited until January 18, 1990 to institute a suit to secure its remedies is hardly a denial of due process by the Commonwealth. GMAC had the option, pursuant to its contacts, to take immediate action upon the failure of Mr. Perry to "pay according to the schedule." Thus, GMAC has always had the ability to secure its remedies in this case.

The Pennsylvania Camaro appears to be the only vehicle with any value above its encumbrance and GMAC seeks to offset that value against its probable loss on the Georgia Camaro. The Commonwealth seeks to forfeit the Pennsylvania Camaro, pay off the lien, and retain the vehicle; it seeks to forfeit the Georgia Camaro and return it to GMAC. In accordance with the Forfeitures Act at section 6802(k), this court is empowered to release the vehicles to GMAC if it can show, by competent evidence, that it has a lawful right to the vehicle and it had no prior knowledge of the unlawful use by Paul Perry. GMAC had no such knowledge; however, this result is not mandatory since upon forfeiture we may still order the vehicle retained for official use in accordance with section 6801(e), which provides:

"Whenever property is forfeited under this chapter, the property shall be transferred to the custody of the district attorney, if the law enforcement authority seizing the property has local or county jurisdiction, or the Attorney General, if the law enforcement authority seizing the property has statewide jurisdiction. The district attorney or the Attorney General, where appropriate, may:

"(1) Retain the property for official use."

GMAC's request to commingle the proceeds of both sales to pay both loans, costs and attorney's fees is without authority. GMAC's retail installment sale contract specifically states: "Security Interest. You are giving a security interest in the vehicle being purchased." There is no ambiguity in this language, nor have the security interests been cross-collateralized; thus, the property subject to the security interest is the individual vehicle. Accordingly, we will enter an order forfeiting Paul Perry's interest in both vehicles. We will allow the Commonwealth to retain the Pennsylvania Camaro for official use pursuant to section 6801(e) on condition that it pays off the balance on the lien on the vehicle to GMAC to make it whole on that car. Thus, GMAC's security in that vehicle has not been forfeited or impaired. See, section 6801(a)(4). Pursuant to section 6802(k), we will order the release of the Georgia Camaro to GMAC. It may dispose of it in a commercially reasonable manner from which it may deduct, pursuant to state law, the reasonable expenses and the amount of the lien. Any remaining proceeds must be paid to the Commonwealth.

Accordingly, the following order is entered.

## ORDER OF COURT

And now, April 11, 1990, it is ordered that:

(1) The 1988 Camaro, VIN no. 1G1FP21S9JL117084, (Pennsylvania Camaro) is forfeited as to Paul Perry, to be retained by the Commonwealth for official use in accordance with 42 Pa.C.S. §6801(e), on condition that the payoff due GMAC on its lien shall be paid forthwith by the Commonwealth.

(2) The 1988 Camaro, VIN no. 1G1FP21S4JL112116, (Georgia Camaro) is forfeited as to Paul Perry, and shall be forthwith returned to

GMAC for lawful disposition pursuant to the security of its lien. Any proceeds remaining following disposition shall be forthwith paid to the Commonwealth.

(3) GMAC shall account by affidavit to the Commonwealth for all monies received and disbursed from the disposition of the Georgia Camaro.